## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **AVERY NELSON ZELENY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 19-206-RAW-SPS** |
| | ) | |
| **CHRIS BRYANT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION AND ORDER</u>

This action is before the Court on the defendants' motions to dismiss. The Court has before it for consideration Plaintiff's amended complaint (Dkt. 8) and the defendants' motions (Dkts. 26, 27). Plaintiff has not filed a response.

At the time this action was commenced, Plaintiff was a pro se pretrial detainee who was incarcerated at the Carter County Detention Center (CCDC) in Ardmore, Oklahoma. According to the Oklahoma State Courts Network at www.oscn.net, he presently is in the custody of the Oklahoma Department of Corrections and is incarcerated at North Fork Correctional Center in Sayre, Oklahoma. He brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at the CCDC. The remaining defendants are Chris Bryant, Carter County Sheriff; Kyle Coffey, CCDC Shift Sergeant; Brad Dunning, Carter County Jail Administrator; and Kimberly Tressler, Attorney with the Oklahoma Indigent Defense

System.[1]

Plaintiff alleges in Claim 1 of the amended complaint that Defendants Kyle Coffey and Brad Dunning denied him his right to file a grievance, his right to press charges, and his right of due process.  He specifically asserts that on April 22, 2019, and May 2, 2019, Coffey and Dunning denied him the paperwork to file a grievance, telling him that there were no grievance papers at CCDC.  On April 29, 2019, Coffey allegedly said that Plaintiff was not allowed to press charges against Coffey, and only Plaintiff's attorney could press charges.

Plaintiff further asserts that in May 2019, he asked to report that his truck had been stolen. He turned in a police report that was delivered to Defendant Chris Bryant, however, no investigation was conducted, and no charges were pursued.

In Claim 2, Plaintiff alleges that on June 4, 2019, Defendant Coffey refused to feed Plaintiff and his cellmates, claiming the inmates had refused their trays.  Plaintiff complained on a recorded line until Defendant Dunning brought the trays.

On June 6, 2019, Plaintiff handed the trays to Defendant Coffey who then closed the bean hole on Plaintiff's hand, breaking Plaintiff's pinky.  Plaintiff, however, did not report his injury to medical, because he previously had been charged fees for an X-ray he did not request.  Plaintiff claims that on June 11, 2019, he reported on a recorded line that Coffey threatened not to feed him if he did not grab his tray faster.

In Claim 3, Plaintiff alleges Defendants Dunning and Bryant denied him access to a

---

[1] On September 12, 2019, Defendant District Court of the 20th Judicial District of the State of Oklahoma sitting in and for Carter County was dismissed from this action (Dkt. 10).

law library during his entire incarceration at CCDC.  Plaintiff claims he was told that he had

no right to a law library unless he went to the Department of Corrections.

Plaintiff further alleges Defendant Attorney Kimberly Tressler has been relieved of

her services because of her lack of response to letters, her failure to visit Plaintiff to discuss

his case, and her failure to forward his discovery packet.

In Claim Four, Plaintiff alleges that on April 17, 2019, $75.00 was taken from his

CCDC account for an X-ray he had not requested, in violation of an unspecified Oklahoma

statute for theft by unauthorized charges to his inmate trust account.  Defendants Coffey,

Dunning, and Bryant allegedly told Plaintiff the charge was valid, because Plaintiff did not

refuse the recommended X-ray.

**Standard of Review**

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present

factual allegations, assumed to be true, that "raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555.  The complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 570.  A court must accept all the well-

pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the

allegations in the light most favorable to the plaintiff.  *Id*. at 555-56. "So, when the

allegations in a complaint, however true, could not raise a claim of entitlement to relief," the

3

cause of action should be dismissed. *Id*. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). With these standards in mind, the court turns to the merits of Defendants' motions.

**Defendant Kimberly Tressler**

Defendant Kimberly Tressler, Plaintiff's court-appointed defense counsel in his criminal matter, has moved for dismissal of the claims against her pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 26). She alleges, among other things, that she was not a state actor under section 1983.

"[A] public defender does not act under color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983).  Therefore, any action taken by Defendant Tressler was not a state action for purposes of 42 U.S.C. § 1983, and Plaintiff has failed to state a claim against her.  Tressler's motion to dismiss (Dkt. 26) is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6).

**Defendants Chris Bryant, Kyle Coffey, and Brad Dunning**

Defendants Bryant, Coffey, and Dunning also have filed a motion to dismiss (Dkt. 27).

Plaintiff first alleges Dunning and Coffey denied him access to grievance paperwork on two occasions.  The defendants allege Plaintiff has failed to state a constitutional claim.

"[T]here is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011).  "Instead, [w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Id*. (citation and internal quotation marks omitted).  Plaintiff has not alleged that he was denied access

to the courts, and, indeed, he was able to file this action in this Court. He, therefore, has failed to state a valid claim for relief. *See Fogle v. Infante*, 595 F. App'x 807, 810 (10th Cir. 2014) (holding that if prison official denied plaintiff access to grievance forms, he "was not required to exhaust the grievance process before seeking access to the courts" and he "could not have been prevented access to the courts"); *Boyd*, 443 F. App'x at 332 ("[A]ny alleged deprivation of the prison grievance process here failed to implicate [plaintiff's] right of access to the courts, and the district court was therefore correct to dismiss the amended complaint for failure to state a claim").

Plaintiff's claim that Defendants Coffey and Dunning told him that he was not allowed to press charges, and his claim that his hand-delivered police report was not investigated, also are meritless. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (citation omitted); *Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir.1982) (same). *See also Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpublished) (holding that an individual "does not have a "federal due process right to a police investigation") (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989)); *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) ("[A]n individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials.") (citations omitted).

Defendants also allege Plaintiff has failed to state a claim with his allegations

regarding Coffey's alleged denial of a food tray on one occasion and that on a second occasion, Coffey threatened to deny Plaintiff food if he did not grab his tray faster.

"Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citations omitted). The Eighth Amendment requires prison officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Bernnan*, 511 U.S. 825, 832-33 (1994)).

> A State must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm*, 639 F.2d 559, 570-71 (10th Cir. 1980). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). To state a claim for food deprivation, a prisoner must allege both (1) a "sufficiently serious" deprivation of "the minimal civilized measure of life's necessities" and (2) "deliberate indifference" by prison officials to a "substantial risk of serious harm to an inmate." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir.1998) (quotations omitted).

*Strope v. Sebelius*, 189 F. App'x 763, 765-66 (10th Cir. 2006).

Here, the Court finds Plaintiff's allegations of a delay in receiving a tray on one occasion, and of being threatened with the denial of a tray on the other occasion, were not a "substantial deprivation of food." Therefore, he has not stated a constitutional claim with

respect to his receiving food.

Regarding Plaintiff's claim that Defendant Coffey closed a beanhole on his hand and broke his finger, Defendant Coffey maintains that any force was *de minimus* and did not amount to a constitutional violation.   The Supreme Court has held that not "every malevolent touch by a prison guard gives rise to a federal cause of action," and the Eighth Amendment "necessarily excludes from constitutional recognition *de minimus* uses of physical force" that are not "repugnant to mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations omitted).  When excessive force is alleged against a pretrial detainee, he must show only that the force purposely or knowingly used against him was objectively unreasonable in order to demonstrate it was excessive in violation of the Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'"  *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Plaintiff admits he did not report the alleged injury to medical, and he has not disputed Defendant Coffey's claim that the injury was *de minimus*.  He also has not presented any of the facts surrounding the alleged incident.  After careful review, the Court finds that Plaintiff has failed to sufficiently allege that Coffey's actions were "objectively unreasonable." Thus, Coffey's actions do not rise to the level of a constitutional violation.

Plaintiff's next claim against Defendants Dunning and Bryant is that he was denied access to a law library while incarcerated in the CCDC.  Pretrial detainees are not entitled

to law library usage if other available means of access to court exist. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 830 (1977)). *See also Love v. Summit County*, 776 F.2d 908, 913-14 (10th Cir.1985), *cert. denied*, 479 U.S. 814 (1986). Although Plaintiff admits he had court-appointed counsel, he contends she was unresponsive.

To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). In Plaintiff's case, he has failed to show any actual injury from the alleged denial of access to the courts. Thus, this claim must fail.

Finally, Plaintiff complains that he was charged $75.00 for an X-ray he had not specifically requested. He, however, apparently did not refuse the X-ray when the nurse suggested it. He argues that an unspecified Oklahoma "statute for theft" prohibited this unauthorized charge to his inmate account. Even construing his allegations liberally, the Court finds Plaintiff's vague and conclusory assertions fail to state a claim.

**ACCORDINGLY,** Defendant Kimberly Tressler's motion to dismiss (Dkt. 26) and Defendants Chris Bryant, Kyle Coffey, and Brad Dunning's motion to dismiss (Dkt. 27) are GRANTED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and this action is, in all respects, DISMISSED. This dismissal shall count as a "PRIOR OCCASION" or

"STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 18th day of September 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma